IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02083-WJM-KLM

ROBERT KIRKLAND

Plaintiff,

v.

DEPUTY JAMES O'BRIEN, in his individual capacity;
DEPUTY BRIAN D. JONES, in his individual capacity;
DEPUTY RAFAEL AVINA, in his individual capacity;
DEPUTY HENRY E. TRUJILLO, in his individual capacity; and
CAROLANN MAHONEY, R.N., in her individual capacity;

Defendants.

## PROTECTIVE ORDER

Upon a ~~showing of good cause in support of the~~ *request of the parties for* entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed by Plaintiff and Defendants pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

*KLM*

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of plaintiff or defendants. Section 24-72-204(3)(a)(I), C.R.S. Personnel records of current or former Sheriff's Office employees produced by Defendants in discovery shall be subject to the terms and conditions of this Protective Order. See, e.g., Section 24-72-204(3)(a)(I) and (II)(A), C.R.S. (concerning disclosure of medical, sociological records, and personnel records). Any mental health records produced by Plaintiff or Defendants in discovery shall be subject to the terms and conditions of this Protective Order. Section 27-10-120, C.R.S. In addition, all medical records produced by Plaintiff or Defendants in discovery shall be deemed confidential and subject to the terms and conditions of this Protective Order. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including designated representatives for the entity defendants;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a **written acknowledgment** stating that he or she has read this Protective Order and agrees to be subject to the terms of the Protective Order *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other

appropriate notice: "CONFIDENTIAL." Documents may also be designated as CONFIDENTIAL at any time through correspondence from the producing party's counsel that identifies the protected pages by bates number.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make [~~file~~] an appropriate motion pursuant to MJ Mix's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made [~~filed~~], the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make [~~file~~] such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In

4

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. The production of documents shall be subject to the following terms and conditions:

(a) Plaintiff and his attorneys are placed under a confidentiality order as to any Administrative Review information of Deputy James O'Brien, Deputy Brian D. Jones, Deputy Rafael Avina and Deputy Henry E. Trujillo;

(b) Plaintiff and his attorneys are placed under a confidentiality order as to any Internal Affairs information concerning Deputy James O'Brien, Deputy Brian D. Jones, Deputy Rafael Avina and Deputy Henry E. Trujillo;

(c) Plaintiff and his attorneys are placed under a confidentiality order as to any personnel information concerning of Deputy James O'Brien, Deputy Brian D. Jones, Deputy Rafael Avina and Deputy Henry E. Trujillo;

(d) At any time that the parties do not believe that documents or portions of documents under this order should be treated as confidential, the parties shall confer prior to submitting any documents with the court that have been designated as CONFIDENTIAL to determine what level of restrictedness the document shall be filed pursuant to D.C.COLO.LCivR 7.2.. Any discovery and/or evidentiary dispute concerning documents that are not agreed upon will be submitted to the court under seal.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 26TH day of February, 2013.

BY THE COURT:

_____
United States District Court Magistrate Judge

Source: *Gillard v. Boulder Valley School District RE-2, et al.*, 196 F.R.D. 382 (D.Colo. 2000).