IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-2083-WJM-KLM

ROBERT KIRKLAND,

    Plaintiff,

v.

DEPUTY JAMES O'BRIEN,
DEPUTY BRIAN D. JONES,
DEPUTY RAFAEL AVINA,
DEPUTY HENRY E. TRUJILLO, and
CAROLANN MAHONEY, R.N.,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FOURTH CLAIM FOR RELIEF**

---

Plaintiff Robert Kirkland ("Plaintiff") has brought this civil action against Defendants Deputy James O'Brien, Deputy Brian D. Jones, Deputy Rafael Avina, Deputy Henry E. Trujillo, and Carolann Mahoney, R.N. (collectively "Defendants"), alleging constitutional violations under 42 U.S.C. § 1983. (ECF No. 1.) Before the Court is Defendants' Motion to Dismiss Plaintiff's Fourth Claim for Relief Pursuant to Rule 12(b)(6) ("Motion"). (ECF No. 17.) For the reasons set forth below, Defendants' Motion is granted.

### I. BACKGROUND

On August 7, 2012, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging the use of excessive force, the deprivation of liberty without due process, failure to provide adequate medical care, and retaliation in violation of the First

Amendment in connection with Plaintiff's arrest and detention in the Boulder County Jail in December, 2011.  (ECF No. 1 (Compl.).)  Plaintiff avers that when he was taken into custody, Defendants' use of excessive force caused him physical pain and injury, and Defendants then failed to provide adequate medical care for the resulting injuries he suffered.  (Compl. ¶¶ 33-51.)  After Plaintiff submitted a grievance complaining of the use of excessive force, in addition to the charge or charges he already faced, he was also charged with Third Degree Assault for an incident separate from that for which he was initially arrested.  (Compl. ¶¶ 52-61.)  Plaintiff subsequently pled guilty to the Third Degree Assault charge in exchange for his release from the Boulder County Jail.  (Compl. ¶ 32.)

The only claim relevant to the instant Motion is Plaintiff's Fourth Claim for Relief, which alleges that Defendants brought Third Degree Assault charges against Plaintiff in retaliation for the exercise of his First Amendment rights in filing a grievance.  (*Id.*)  On October 4, 2012, Defendants filed the Motion, arguing that Plaintiff's Fourth Claim is insufficiently pled and should be dismissed.  (ECF No. 17.)  Plaintiff filed a Response to Defendants' Motion on October 25, 2012.  (ECF No. 25.)  Defendants filed their Reply on November 8, 2012.  (ECF No. 26.)

## II.  LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the

2

plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). This requirement of plausibility "serves not only to weed out claims that do not have a reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id.*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

### III. ANALYSIS

Defendants' Motion argues that Plaintiff's Fourth Claim should be dismissed because Plaintiff has failed to plead that Defendants lacked probable cause to charge him with Third Degree Assault, and the lack of probable cause is a required element of a retaliatory prosecution claim. (ECF No. 17 at 4.) Plaintiff responds that his Fourth Claim adequately pleads the required elements of a First Amendment retaliation claim. (ECF No. 25 at 6-7.) Alternatively, Plaintiff argues that if his Fourth Claim is found to be insufficiently pled, he should be given leave to amend his complaint. (*Id.* at 7.)

In general, a properly stated claim for retaliation for the exercise of First Amendment rights must include three elements: (1) the plaintiff was engaged in activity

protected by the First Amendment; (2) the defendant's actions caused the plaintiff to suffer an injury that would reasonably have a chilling effect on the exercise of protected activity; and (3) the defendant's action was "substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero*, 510 F.3d at 1203 (quoting *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). Defendants do not dispute that Plaintiff has pled these elements. (*See* ECF No. 17.)

However, in 2006, the Supreme Court settled a circuit split and held that where the retaliatory action taken was a criminal prosecution, a plaintiff bringing suit under § 1983 must plead and prove a fourth element: lack of probable cause for the allegedly retaliatory prosecution. *Hartman v. Moore*, 547 U.S. 250, 261-66 (2006). The Supreme Court explained that because prosecutorial immunity prevents the plaintiff from directly suing the prosecutor for damages, the plaintiff must demonstrate that the defendant he sues instead—typically, the law enforcement officer who acted with a retaliatory motive—caused the retaliatory prosecution. *Id.* at 261-63. "To 'bridge the gap between the nonprosecuting government agent's motive and the prosecutor's action,' the [Supreme] Court held that a plaintiff bringing a claim for retaliatory prosecution must allege and prove an absence of probable cause," which serves as strong circumstantial evidence that the prosecution was not initiated for an alternative, non-retaliatory purpose. *McBeth v. Himes*, 598 F.3d 708, 718 (10th Cir. 2010) (quoting *Hartman*, 547 U.S. at 261-63). *Hartman* thus placed upon the plaintiff the burden of pleading, and then proving, that there was no non-retaliatory reason for the prosecution. *Id.*; *Hartman*, 547 U.S. at 265-66 ("it makes sense to require such a showing [of the

absence of probable cause] as an element of a plaintiff's case, and we hold that it must be pleaded and proven").

In the instant case, Plaintiff's claim alleges that the retaliatory action taken was the addition of a criminal charge—and thus his fourth claim for relief falls squarely within the scope of *Hartman*'s requirement that plaintiff plead the additional element of absence of probable cause. (*See* Compl. ¶ 56.) Although Plaintiff claims that Defendants retaliated against him by bringing the additional charge, Defendants point out that they themselves—sheriff's deputies and a nurse—have no power to initiate prosecutions or file criminal charges. (ECF No. 17 at 4.) Therefore, Defendants construed Plaintiff's Fourth Claim as alleging that Defendants induced the District Attorney to charge and prosecute the Third Degree Assault count. (*Id.*)

The Court agrees that Plaintiff's Complaint alleges a retaliatory chain of causation leading to the additional charge, which falls within the *Hartman* requirement to plead a lack of probable cause. Accordingly, to state a claim, Plaintiff's allegation that a retaliatory criminal charge was brought in violation of the First Amendment must be accompanied by an allegation that no probable cause existed for that charge. *See Hartman*, 547 U.S. at 266. Because Plaintiff's Complaint contains no such allegation, the Fourth Claim for retaliatory prosecution must be dismissed for failure to state a claim upon which relief can be granted.

In his Response to the Motion, Plaintiff argues that if the Court finds that he has failed to state a claim, he should be granted leave to amend his complaint. (ECF No. 25 at 7-8.) It is this Court's practice to freely grant leave to file a first amended

complaint when the averments in the original complaint are found wanting and, when and as required by the Federal Rules of Civil Procedure, to permit additional amendments when justice so requires.  Fed. R. Civ. Pro. 15(a).  Nevertheless, the Tenth Circuit has held that the Court "may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  A refusal to grant leave to amend is discretionary, and where "the denial rests on articulated reasons such as failure to cure deficiencies by previous amendments or futility of amendment, the district court's decision shall stand."  *TV Commc'ns Network, Inc., v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992).

The Court finds that amendment would be futile in the instant case.  In his Complaint, Plaintiff admits that he pled guilty to the Third Degree Assault charge. (Compl. ¶ 32.)  Despite Plaintiff's statement that he entered his guilty plea in order to be released from jail (Compl. ¶ 32), in pleading guilty, Plaintiff acceded to the conviction, and cannot now deny the existence of probable cause for the charge.[1]  *See Heck v. Humphrey*, 512 U.S. 477, 486 n.4 (1994) ("the presumption of probable cause arising from a conviction can be rebutted only by showing that the conviction had been obtained by some type of fraud"); *Malady v. Crunk*, 902 F.2d 10, 11 (8th Cir. 1990) (adopting the common law principle that a plaintiff's conviction upon a guilty plea is a defense to a § 1983 action asserting arrest without probable cause).

---

[1] Furthermore, the Court notes that Plaintiff's retaliatory prosecution claim, properly pled with an allegation of a lack of probable cause, would necessarily call into question the validity of Plaintiff's conviction for the charge, which would require the Court to dismiss the claim pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), until and/or unless the conviction was invalidated.

Unlike an attempt "to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim," Plaintiff cannot here amend his complaint to state a retaliatory prosecution claim, and remain legally and logically consistent with the guilty plea he entered on the underlying criminal charge.  *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).  Therefore, the Court declines to grant Plaintiff leave to amend, as such an amendment in these circumstances would be futile.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Dismiss Plaintiff's Fourth Claim for Relief pursuant to Rule 12(b)(6) is GRANTED; and

2. Plaintiff's Retaliatory Prosecution Claim is DISMISSED WITH PREJUDICE. This action remains pending as to the remainder of Plaintiff's claims.

Dated this 16th day of May, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge