**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2083-WJM-KLM

ROBERT KIRKLAND,

    Plaintiff,

v.

DEPUTY JAMES O'BRIEN,
DEPUTY BRIAN D. JONES,
DEPUTY RAFAEL AVINA, and
DEPUTY HENRY E. TRUJILLO,

    Defendants.

---

**ORDER ON DEFENDANTS' MOTION *IN LIMINE***

---

Plaintiff Robert Kirkland ("Plaintiff") has brought this civil action against Defendant Deputies James O'Brien, Brian D. Jones, Rafael Avina, and Henry E. Trujillo (collectively "Defendants"), alleging constitutional violations under 42 U.S.C. § 1983. (ECF No. 1.) The trial of this action is scheduled to commence on October 20, 2014, with the Final Trial Preparation Conference set for October 14, 2014. (ECF Nos. 75, 88.)

This matter is before the Court on Defendants' Motion *in Limine* ("Motion"). (ECF No. 84.) For the reasons set forth below, the Motion is granted in part and denied in part.

**I. ANALYSIS**

Defendants' Motion seeks to preclude the following evidence from being admitted at trial: (1) evidence of prior allegations or incidents of the use of excessive

force by Defendants and their witnesses; (2) evidence related to computation of damages; (3) evidence related to Plaintiff's self-inflicted injuries; and (4) evidence of a judge's finding in another matter that Defendant O'Brien's testimony was not credible. (ECF No. 84 at 1-7.) The Court will address each category of evidence in turn.

### A.    Prior Allegations or Incidents of Excessive Force

Defendants move to exclude evidence of several prior incidents or allegations of the use of excessive force by Defendants O'Brien, Jones, and Avina, and potential witnesses Deputy Sliz and Sergeant Johnson. (ECF No. 84 at 1-2.) Defendants contend that Plaintiff will seek to introduce such evidence to prove these individuals' action in accordance with a character for committing excessive force, which is excludable under Federal Rule of Evidence 404(b). (*Id.*)

Rule 404(b) prohibits the admission of evidence of a crime or wrong to prove a person's character in order to show that he acted in accordance with that character on a particular occasion. Fed. R. Evid. 404(b)(1). However, the evidence may be admissible under Rule 404(b)(2) for another purpose, such as motive, opportunity, plan, knowledge, or absence of mistake. For evidence of a prior use of excessive force to be admissible against a defendant in a § 1983 case, it must be offered for a proper purpose. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1046 (10th Cir. 2005) (holding that such evidence must also be relevant, must pass the Rule 403 balancing test, and must be accompanied by a limiting instruction upon request).

As to the two potential witnesses who are not defendants, Deputy Sliz and Sergeant Johnson, the Court finds Rule 404(b) inapplicable to the evidence of their alleged prior uses of excessive force. Because Plaintiff has not alleged that either of

these witnesses participated in the use of excessive force here, there is no reason that Plaintiff would introduce evidence of such prior acts as character evidence in order to show the witnesses' action in conformity with that character on another particular occasion. Accordingly, as to the alleged prior uses of excessive force by Deputy Sliz and Sergeant Johnson, Rule 404(b) does not exclude that evidence, and Defendants have made no showing that it is excludable on any other basis. However, if Plaintiff seeks to introduce such evidence, Plaintiff must show that it is relevant and not unfairly prejudicial. *See* Fed. R. Evid. 401, 403.

As to the evidence of the alleged prior uses of excessive force by Defendants O'Brien, Jones, and Avina, the Court finds that Rule 404(b) applies to exclude the evidence if it is used for character purposes. Therefore, Plaintiff must show that the evidence will be used for another purpose in order for it to be admissible. Fed. R. Evid. 404(b)(2). Plaintiff argues that the evidence is admissible for several purposes: (1) to show Defendants' state of mind; (2) to rebut positive character evidence; (3) to rebut testimony that no wrong was committed; and (4) to show reputation and opinion.

The Court finds none of these purposes applicable to the instant case. First, it is well settled that an officer's state of mind is irrelevant to a claim of excessive force, because the claim is assessed under an objective standard. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1168 (10th Cir. 2005) ("an officer's personal motivations in using a particular degree of force are irrelevant"). Second, any positive character evidence that could be rebutted by the evidence of these prior acts, *e.g.*, a character for peacefulness, would be inadmissible under Rule 404(a), and Plaintiff has not explained any other theory of character rebuttal. Third, there is no indication that this evidence

will be relevant to attack Defendants' credibility, as Defendants do not now deny that the incidents occurred and there is no reason to believe they would do so on the witness stand. Absent such a denial, the evidence of prior acts of excessive force do not bear on truthfulness, and thus Rule 608(b) does not apply. Finally, Plaintiff cites Rule 404(b) in support of his reference to reputation and opinion testimony, but those types of evidence are not among the enumerated permissible uses in Rule 404(b). Rather, evidence of a reputation for untruthfulness may be admissible in order to attack the witness's credibility under Rule 608(a). As the prior acts of excessive force do not bear on truthfulness, they are not admissible as reputation or opinion evidence.

The Court finds that Plaintiff has failed to show that the prior incidents of excessive force by Defendants O'Brien, Jones, and Avina are admissible for any permissible purpose under Rule 404(b)(2). Accordingly, the Motion is granted as to the evidence of those incidents committed by the Defendants, and denied as to potential witnesses Deputy Sliz and Sergeant Johnson.

**B.    Computation of Damages**

Defendants argue that all evidence related to the computation of Plaintiff's damages should be excluded because Plaintiff has failed to provide a specific computation despite Defendants' specific request for it during discovery. (ECF No. 84 at 2-4.) Defendants admit that Plaintiff ultimately sent Defendants evidence of medical damages, in the form of hospital billing records, but contend that Plaintiff's failure to specifically compute the damages caused by Defendants constitutes a discovery violation under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), and that the evidence should therefore be excluded. (*Id.*) However, Defendants do not explain how they

have been deprived of the ability to prepare a defense against this admittedly produced evidence merely because Plaintiff has not added the relevant medical bills together or otherwise provided them with a precise calculation.

Plaintiff's response to this category of evidence is no more enlightening, as it is composed of a single line, reading in its entirety as follows: "Plaintiff has provided Defendants with all documentation responsive to this request." (ECF No. 86 at 2.) Plaintiff appears to contend that he has complied with all discovery requirements and that the evidence should not be excluded, but does not elucidate further or explain what was, and what was not, produced to Defendants.

The Court finds both parties' briefs insufficient to evaluate this aspect of the Motion. Accordingly, the Court declines to issue an evidentiary ruling at this time on what is clearly a discovery dispute. The parties are strongly encouraged to attempt to work out their differences on this dispute prior to the Final Trial Preparation Conference. If the issue remains in dispute at that time, the parties may raise it during the Final Trial Preparation Conference.

**C.   Plaintiff's Self-Inflicted Injuries**

Defendants move to exclude evidence of the self-inflicted injuries Plaintiff incurred when he used a razor to cut his wrists while incarcerated, arguing that such evidence is not relevant. (ECF No. 84 at 4-5.)

Under the Federal Rules of Evidence, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible at trial, Fed.

R. Evid. 402, but "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," Fed. R. Evid. 403.

Here, Defendants argue that Plaintiff's self-inflicted injuries are relevant only to his First Amendment retaliation claim and his Eighth Amendment medical care claim against Nurse Mahoney, both of which are no longer at issue in this case. (ECF No. 84 at 4-5.) Defendants state that if there is some remote relevance, it is outweighed by the danger of unfair prejudice to Defendants and confusion of the issues. (*Id.* at 5.)

In response, Plaintiff argues that his self-inflicted injuries are indicative of his emotional distress, which is demonstrative of the damages he suffered as a result of Defendants' actions. (ECF No. 86 at 2-3.) Based on the low bar for relevance set by the Federal Rules, the Court agrees that these injuries are relevant to the issue of damages. *See* Fed. R. Evid. 401. Furthermore, Defendants have not explained how admission of such evidence would be unduly prejudicial or confusing to the jury, and have merely cited Rule 403 in a conclusory manner. (*See* ECF No. 84 at 5.) The Court finds that Defendants have failed to show that Rule 403 should apply to exclude this evidence.

Accordingly, the Motion is denied as to the evidence of Plaintiff's self-inflicted injuries.

D.  **Judicial Finding of Non-Credibility**

Finally, Defendants' Motion seeks to preclude the admission of evidence of the judicial finding in a prior case that Defendant O'Brien's testimony was not credible.

(ECF No. 84 at 6-7.) Defendants refer to the finding of a Boulder District Court Judge in a criminal prosecution that then-Detective O'Brien's testimony as to the defendant's failure to invoke the right to an attorney and the scope of his interrogation "[wa]s not credible, nor [wa]s Detective O'Brien's testimony that he is a sticker for the right to an attorney", and that such conduct was "egregious". (*Id.* at 6; ECF No. 84-2 at 2-3.)

Pursuant to Federal Rule of Evidence 608(b), a court may allow cross-examination on specific instances of a witness's conduct "if they are probative of the character for truthfulness or untruthfulness." The Tenth Circuit has set forth a list of factors that a court should consider when determining whether a prior court's finding that a witness has lied is relevant or probative of untruthfulness for purposes of Rule 608(b):

> (1) [W]hether the prior judicial finding addressed the witness's veracity in that specific case or generally; (2) whether the two sets of testimony involved similar subject matter; (3) whether the lie was under oath in a judicial proceeding or was made in a less formal context; (4) whether the lie was about a matter that was significant; (5) how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness; (6) the apparent motive for the lie and whether a similar motive existed in the current proceeding; and (7) whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible.

*United States v. Woodard*, 699 F.3d 1188, 1195 (10th Cir. 2012) (quoting *United States v. Cedeño*, 644 F.3d 79, 82-83 (2d Cir. 2011) (internal quotation marks and ellipses omitted)). Where an analysis of these factors reveals that the prior lie is relevant and highly probative of untruthfulness, the evidence is admissible under Rule 608(b). *Id.*

Both parties agree that the *Woodard* factors apply here, and that the third, fourth, and fifth factors weigh in favor of admissibility—that is, the prior finding that Defendant

O'Brien was untruthful was made under oath in a judicial proceeding, was regarding a significant matter, and was made relatively recently before the events at issue in the instant case. (*See* ECF Nos. 84 at 7; 86 at 4.) Both parties also agree that the first *Woodard* factor, whether the finding of untruthfulness was specific to the case or was general, weighs against admissibility, because the Boulder District Court's finding was specific to that case. (ECF Nos. 84 at 8; 86 at 4.) However, the parties disagree on the remaining three factors, which the Court will consider in turn.

As to the second factor, whether the two sets of testimony involve similar subject matter, Plaintiff contends that both sets of testimony involve Defendant O'Brien's "execution of his job and violation of the constitutional rights of persons in custody." (ECF No. 86 at 4.) However, the fact that Defendant O'Brien was performing the job of a law enforcement officer and that constitutional violations are alleged in both instances does not mean that his testimony involves similar subject matter. Rather, the testimony in the Boulder District Court case involved the defendant's invocation of the right to an attorney and the scope of interrogation, while here the testimony will involve the alleged excessive use of force against a detainee. The subject matter is patently dissimilar. Therefore, the Court finds that the second factor weighs against admissibility.

As to the sixth factor, the apparent motives for untruthfulness in the two proceedings, Plaintiff contends that Defendant O'Brien's motive to lie in the instant proceeding is stronger than in the prior proceeding, because the instant matter potentially subjects him to personal liability. (ECF No. 86 at 4.) However, the sixth factor does not inquire into the relative strength of the motives to lie; rather, it inquires into whether the motives are similar. Defendant O'Brien's apparent motive for

untruthfulness in the prior proceeding was to ensure the admissibility of evidence against a criminal defendant, while here the motive to be untruthful would be to avoid personal liability. These are dissimilar motives, and thus the sixth factor weighs against admissibility.

Finally, as to the seventh factor, whether the witness offered a plausible explanation for the lie, the parties disagree on the plausibility of Defendant O'Brien's explanation that he had simply failed to prepare for his testimony and did not remember the specifics of his interrogation of the defendant in the Boulder District Court proceeding. (ECF Nos. 84 at 7; 86 at 4.) The Court agrees with Plaintiff that this explanation is not plausible. Defendant O'Brien's untruthfulness, as found by the Boulder District Court, consisted of a statement that the defendant had not invoked his right to an attorney and that the interview had taken only about 15 minutes, while the Boulder District Court found that the defendant had requested an attorney multiple times after 31 minutes of interrogation. (ECF No. 84-2.) Furthermore, Defendant O'Brien testified in the prior case that he was a "stickler" for safeguarding a suspect's *Miranda* rights. (*Id.*) The nature of such a lie cannot plausibly be explained by a lapse of memory, particularly when the truth revealed a potential violation of a defendant's constitutional rights in the face of the witness's assertion that he is a stickler for safeguarding such rights. Accordingly, the seventh factor weighs in favor of admissibility.

Considering all seven factors, the Court finds that four weigh in favor of admissibility, and three weigh against. Considering the content of the various factors, the Court concludes that the Boulder District Court's determination that Defendant

O'Brien was not credible is sufficiently relevant and probative of untruthfulness to permit its admissibility on cross-examination under Rule 608(b).  *See Woodard*, 699 F.3d at 1195.  Furthermore, the Court finds the factors that weigh in favor of admissibility to be particularly compelling, given that Defendant O'Brien was found to have recently lied under oath about a highly significant matter and failed to provide any plausible explanation for the lie.  The fact that the prior judicial determination was not a general pronouncement on Defendant O'Brien's untruthfulness and that the nature and subject matter of the circumstances in the two cases was dissimilar does not make it less probative of his untruthfulness as a witness.  Therefore, the Court finds that the evidence is admissible under Rule 608(b), and the Motion is denied as to the prior judicial finding of Defendant O'Brien's untruthfulness.

## II.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. Defendants' Motion *in Limine* (ECF No. 84) is GRANTED IN PART and DENIED IN PART as described herein; and

2. Evidence of prior uses of excessive force by Defendants O'Brien, Jones, and Avina will be inadmissible at trial.

Dated this 26th day of September, 2014.

BY THE COURT:

William J. Martínez
United States District Judge